## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

| | |
|---|---|
| **JACKIE TEHENSKY,**<br><br>Plaintiff,<br><br>v.<br><br>**GC SERVICES LP,**<br><br>Defendant. | Honorable Marianne O. Battani<br><br>Case No.  2:06-cv-10634<br><br>**DEFENDANT GC SERVICES LP'S FIRST AMENDED ANSWER TO COMPLAINT WITH AFFIRMATIVE AND OTHER DEFENSES** |
| Brian P. Parker (P48617)<br>LAW OFFICES OF BRIAN P. PARKER, PC<br>**Attorney for Plaintiff**<br>30700 Telegraph Road, Suite 1580<br>Bingham Farms  MI  48025<br>(248) 642-6268<br>lemonlaw@ameritech.net | Michael J. Hodge (P25146)<br>Scott R. Eldridge (P66452)<br>MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.<br>**Attorneys for Defendant GC Services LP**<br>One Michigan Avenue, Suite 900<br>Lansing, MI  48933<br>(517) 487-2070<br>email: hodge@millercanfield.com |

*MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.*

### DEFENDANT GC SERVICES LIMITED PARTNERSHIP'S FIRST AMENDED ANSWER TO COMPLAINT WITH AFFIRMATIVE AND OTHER DEFENSES

Defendant, **GC SERVICES LIMITED PARTNERSHIP**, by and through its attorneys, MILLER, CANFIELD, PADDOCK AND STONE, P.L.C., provide answers and affirmative defenses to Plaintiff's Complaint as follows:

## II.  PARTIES

1.    Plaintiff is a natural person and consumer, a resident of Lambertsville, Monroe County, Michigan, and a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

**ANSWER**:  In answer to paragraph 1 of Plaintiff's Complaint, Defendant neither admits nor denies that Plaintiff is a natural person and a "consumer" as defined by 15 U.S.C. § 1692a(3) of the Fair Debt Collection Practices Act ("FDCPA") and leaves Plaintiff to her proofs.

2.    Defendant is a Foreign Corporation and subject to the jurisdiction of this Court in that its resident agent and address are in Bingham Farms, Oakland County, Michigan.

**ANSWER:**  In answer to paragraph 2 of Plaintiff's Complaint, Defendant denies that it is a foreign corporation for the reason that the same is untrue.  The remaining allegations contained in said paragraph are, however, admitted.

3.    Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant regularly attempts to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

**ANSWER:**  Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

## III.  JURISDICTION AND VENUE

4.    This court has subject matter jurisdiction over this Complaint pursuant to the FDCAP [sic], 15 U.S.C. § 1692 *et seq.*

**ANSWER:**  To the extent that the allegations contained in paragraph 4 of Plaintiff's Complaint were intended to assert that the Federal District Court is properly vested with subject matter jurisdiction over complaints arising under 15 U.S.C. § 1692 *et seq.*, the same is hereby admitted.  To the extent that any other allegation was intended in said paragraph, the same is hereby denied as untrue.

5.    Venue is proper in the Eastern District-Southern Division of Michigan 15 U.S.C. § 1692k(d).

**ANSWER**:  In answer to paragraph 5 of Plaintiff's Complaint, it is admitted that venue is properly vested in the Federal District Court for the Eastern District of

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

Michigan-Southern Division. Defendant denies, however, as untrue, the assertion that the court's venue is derived from 15 U.S.C. § 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

6.      The FDCPA was passed to eliminate abusive collection practices by debt collectors, to insure that those debt collectors who refrain from using debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692.

**ANSWER:** Defendant admits the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. § 1692a(3) including a spouse, 15 U.S.C. § 1692c(d).

**ANSWER:** Defendant admits that 15 U.S.C. § 1692a(3) defines "consumer" as any natural person obligated or allegedly obligated to pay any debt. Defendant denies, however, as untrue that the definition of "consumer" under 15 U.S.C. 1692a(3) necessarily includes a spouse. Defendant asserts that 15 U.S.C. 1692c(d) expressly provides that for the purpose of subsection 1692c only, the term "consumer" includes the consumer's spouse.

8.      Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

**ANSWER:** Defendant admits that 15 U.S.C. § 1692a(5) defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Defendant, however, neither admits nor denies that the money owed by Plaintiff's husband to American Express qualifies as "debt" under 15 U.S.C. § 1692a(5), and leaves Plaintiff to her proofs.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

9.      Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.  15 U.S.C. § 1692a(6).

**ANSWER:**  Defendant admits the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.      A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  15 U.S.C. § 1692e.

**ANSWER:**  Defendant admits the allegation contained in paragraph 10 of Plaintiff's Complaint.

11.      A debt collector may not use unfair or unconscionable means to collect or attempt to collect a debt 15 U.S.C. § 1692f.

**ANSWER:**  Defendant admits the allegation contained in paragraph 11 of Plaintiff's Complaint.

12.      Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action.  15 U.S.C. § 1692k.

**ANSWER:**  In answer to paragraph 12 of Plaintiff's Complaint, it is admitted that 15 U.S.C. § 1692k provides for the circumstances under which actual damages, statutory damages, reasonable attorney fees as determined by the court and the assessment of costs may be obtained by a consumer against a debt collector.  To the extent that Plaintiff intended to allege that she is entitled to such relief, the same is hereby denied as untrue.

## V.  **FACTUAL ALLEGATIONS**

13.      Plaintiff received debt collection calls from Defendant seeking to collect on a debt with American Express that only her husband was obligated to pay.

-4-

**ANSWER:**  In answer to the allegations contained in paragraph 13 of Plaintiff's Complaint, Defendant admits on only two occasions that Plaintiff contacted Defendant in response to messages which Defendant left for her in connection with Defendant's attempt to locate her husband who owed, and continues to owe, a debt to American Express Corporation.  Anything to the contrary is hereby denied as untrue.

14.    In its initial contacts with Plaintiff, Defendant failed to give any notice of Plaintiff's validation rights under 15 U.S.C. § 1692e(11).

**ANSWER:**  Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint for the reason that they are untrue.

15.    In one of its calls to Plaintiff, Defendant falsely represented that Plaintiff, who was not obligated on her husband's credit card with American Express and did not use it, was secondarily and legally liable and could face legal action and, in regards to the debt, that "it is a possibility it will show up on your credit."

**ANSWER:**  In answer to paragraph 15 of Plaintiff's Complaint it is admitted that Defendant advised Plaintiff that the information provided to it by American Express discloses her as a supplemental party entitled to use her husband's American Express credit card.  To the extent that said allegations were intended to indicate anything to the contrary, the same is hereby denied as untrue.  Further, the allegation that Defendant made false representations to Plaintiff is denied as untrue.

16.    In the same phone call conversation, Plaintiff asked Defendant representative/agent "Tammy" to send or fax something to her showing that Plaintiff's name was on the American Express application.

**ANSWER:**  In response to paragraph 16 of Plaintiff's Complaint, it is admitted that Plaintiff did verbally ask Defendant's representative for something which would demonstrate that she is listed as a supplemental user on her husband's credit card documentation.  In further response to said allegation, it is affirmatively asserted that Defendant's representative advised Plaintiff that she was entitled to contact American Express to obtain such information.

17.    Plaintiff asked Defendant representatives a number of times for application information showing Plaintiff's name on her husband's credit card which initially,

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

Defendant representatives stated they would send to her but then, Defendant representative "Tammy," stated "and I'm still going to go with, if you would like that, contact the original creditor.  That way you can't say that the collection agency just slapped you on there.  I am advising you to call American Express."  Defendant violated the FDCPA, 15 U.S.C. § 1692g(a) by not providing the application information and debt information to Plaintiff.

**ANSWER:**  Defendant denies as untrue the allegation that it violated 15 U.S.C. § 1692g(a).  Defendant asserts that 15 U.S.C. § 1692g expressly provides that to receive a verification of a debt from a debt collector, a consumer must request such verification in writing.

18.    In the same phone call conversation, Plaintiff informed another Defendant representative/agent that she did not owe her husband's debt to which the representative said that Plaintiff was a "Co-maker" on the debt, Defendant was getting ready to file a "breach of contract claim against you guys" and that "I can guarantee it, you will be going to court."

**ANSWER:**  Defendant denies as untrue any allegation contained in paragraph 18 of Plaintiff's Complaint that Defendant violated the Fair Debt Collection Practices Act.

19.    Defendant representative "Tammy" also stated that she contacted the Plaintiff's neighbors, the "Couts," the "Demasks" and the "Baumgartens" seeking local information because Plaintiff had not returned the debt collectors calls.

**ANSWER:**  Defendant admits the allegation contained in paragraph 19 of Plaintiff's Complaint that three former or current neighbors were contacted in an effort to locate her husband who has never responded to any of Defendant's efforts to contact him.

20.    Defendant contacted three neighbors of the Plaintiff about the debt even though Plaintiff did not owe debt and had never received a call from Defendant that she did not return.  This contact of the neighbors violated the FDCPA, 15 U.S.C. § 1692c(b).

**ANSWER:**   Contacting third parties in an attempt to locate debtors is an activity which is expressly authorized by 15 U.S.C. § 1692b.  The allegation in paragraph 20 of Plaintiff's Complaint, therefore, that Defendant violated a provision of the FDCPA by contacting neighbors to discover the whereabouts of Plaintiff's husband is hereby denied as untrue.

## VI.  CAUSES OF ACTION CLAIM AGAINST DEFENDANT

21.    Defendant has violated the FDCPA, 15 U.S.C. § 1692c(b) by contacting three neighbors of Plaintiff about the debt that Plaintiff did not owe on her husband's

American Express.

**ANSWER:**  The allegations contained in paragraph 21 of Plaintiff's Complaint are hereby denied as untrue.


22.     Defendant has violated the FDCPA, 15 U.S.C. § 1692e(5) threatening a breach of contract claim and lawsuit when those actions cannot be taken against Plaintiff or were never intended to acted upon against Plaintiff.

**ANSWER:**  The allegations contained in paragraph 22 of Plaintiff's Complaint are hereby denied as untrue.


23.     Defendant has violated the FDCPA, 15 U.S.C. § 1692e(10) by falsely representing that the Plaintiff is liable on the American Express debt and will be sued because of that liability and that Defendant does not have to provide Plaintiff with information on the debt.

**ANSWER:**  The allegations contained in paragraph 23 of Plaintiff's Complaint are hereby denied as untrue.


24.     Defendant has violated the FDCPA, 15 U.S.C. § 1692g by failing and refusing to provide debt and creditor information on the account Defendant is collecting and after receiving the request to send information from Plaintiff.

**ANSWER:**  The allegations contained in paragraph 24 of Plaintiff's Complaint are hereby denied as untrue.


25.     Defendant has violated the FDCPA, 15 U.S.C. § 1692e(11) by in its initial contact with Plaintiff, failing to alert Plaintiff that the debt collector is attempting to collect a debt and that any statements she makes will be used for that purpose.

**ANSWER:**  Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint for the reason that the same are not true.

WHEREFORE, Defendant respectfully requests that the Court:

A.      Dismiss Plaintiff's Complaint, with prejudice;

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

B.     Enter a Judgment for Defendant and against Plaintiff;

C.     Award Defendant a recovery of its reasonable attorneys' fees and costs incurred in defending this action;

D.     Grant such other relief to Defendant as the Court may deem appropriate.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.


By: s/ Michael J. Hodge
         Michael J. Hodge (P25146)
Attorneys for Defendant
One Michigan Avenue, Suite 900
Lansing, MI 48933
(517) 487-2070
email: hodge@millercanfield.com

DATED: June 20, 2006


## DEFENDANT'S AFFIRMATIVE AND OTHER DEFENSES

NOW COMES Defendant, **GC SERVICES LIMITED PARTNERSHIP**, by and through its counsel, MILLER, CANFIELD, PADDOCK AND STONE, P.L.C., and, in further answer to Plaintiff's Complaint, states that it will rely upon the following Affirmative and Other Defenses, if applicable, based on facts to be determined through appropriate discovery:

1.     Plaintiff has failed to join in the Complaint every claim arising out of the transaction or occurrence that is the subject matter of this action.

2.     Plaintiff has failed to state claims upon which relief can be granted.

3.     All or some of Plaintiff's claims are barred by the applicable statutes or other periods of limitation.

4.     Plaintiff has failed to identify or plead facts which would entitle her to liquidated damage.

5.     The Fair Debt Collection Practices Act does not permit recovery of punitive damages.

-8-

6.      Plaintiff has failed to identify or plead facts which would entitle her to actual damages.

7.      Plaintiff's claims are subject to dismissal upon a motion for summary judgment.

8.      Any violation of 15 U.S.C. § 1692, *et seq.* by Defendant, if proven, was the result of a bona fide error as described in 15 U.S.C. § 1692k(c).

Defendant reserves the right to amend its Answer to add additional or other Affirmative Defenses or to delete or withdraw Affirmative Defenses as may become necessary after reasonable opportunity for appropriate discovery.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By: s/ Michael J. Hodge
        Michael J. Hodge (P25146)
Attorneys for Defendant
One Michigan Avenue, Suite 900
Lansing, MI 48933
(517) 487-2070
email: hodge@millercanfield.com

DATED: June 20, 2006

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 20, 2006, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of said filing to: Brian P. Parker.

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.

By:   s/<u>Michael J. Hodge</u>
       Michael J. Hodge (P25146)
Attorneys for Defendant
One Michigan Avenue, Suite 900
Lansing, MI  48933
(517) 487-2070
email: hodge@millercanfield.com

DATED:  June 20, 2006

LALIB:141401.2\031578-00028

MILLER, CANFIELD, PADDOCK AND STONE, P.L.C.